IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-13-LPS |
| | ) | Cr. A. No. 03-18-LPS |
| | ) | |
| CLARENCE BRISCOE-BEY, | ) | |
| | ) | |
| Movant/Defendant. | ) | |

## MEMORANDUM OPINION

Clarence Briscoe-Bey. Pro se Movant.

Leslie F. Wolf, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

September 12, 2012
Wilmington, Delaware

[signature] 

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (D.I. 212) (hereinafter, "Motion" or "Section 2255 Motion") filed by Clarence Briscoe-Bey ("Briscoe-Bey"), as well as additional related motions (D.I. 235, 237, 240, 242, 243). The United States ("government") opposes the Motion. (D.I. 231) For the reasons set forth below, the Court will deny the Motion and will deny the additional motions as moot.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On October 24, 2003, a jury found Briscoe-Bey guilty on a single count indictment that charged him with distribution of more than five hundred grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D.I. 7) The then-presiding judge, the Honorable Kent A. Jordan, sentenced Briscoe-Bey to 188 months of imprisonment on March 31, 2004. (D.I. 158) The Court of Appeals for the Third Circuit affirmed Briscoe-Bey's conviction and sentence on March 29, 2005, but remanded the case for re-sentencing in light of the United State's Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). (D.I. 164)

On remand, Judge Jordan acknowledged the advisory nature of the United States Sentencing Guidelines, reconsidered the relevant conduct enhancement, addressed the sentencing factors in 18 U.S.C. § 3553(a), and re-sentenced Briscoe-Bey to an identical sentence of 188 months of imprisonment. (D.I. 174) Briscoe-Bey again appealed and the Third Circuit, on July 26, 2006, again affirmed Briscoe-Bey's sentence. (D.I. 184)

On October 25, 2006, Briscoe-Bey filed a motion pursuant to Section 2255. (D.I. 192) The Court then provided Briscoe-Bey with an election form requiring him to indicate, within thirty days, whether his motion should be ruled upon or whether, instead, he preferred to

withdraw his then-pending motion without prejudice to file one all-inclusive motion. (D.I. 198)
The election form stated that such an "all-inclusive motion must be filed within the one-year
period as defined in 28 U.S.C. § 2244(d)." (*Id.*) On November 15, 2006, Briscoe-Bey returned
the election form, requesting that the Court dismiss his Section 2255 motion without prejudice
and electing to file one all-inclusive motion within 28 U.S.C. § 2244(d)'s one-year period. (D.l.
199) Specifically, Briscoe-Bey checked the option that reads:

> I wish to withdraw my § 2255 motion without prejudice to file one
> all-inclusive motion in the future; that is, one that raises all the
> grounds I have for federal habeas corpus relief. I realize this all-
> inclusive motion must be filed within the one-year period as
> defined by 28 U.S.C. § 2244(d). See Swartz v. Meyers, 204 F.3d
> 417 (3d Cir. 2000).

(*Id.*) The next day, November 16, 2006, Judge Jordan dismissed the Section 2255 motion
without prejudice. (D.I. 200)

Briscoe-Bey's petition for a writ of certiorari was denied by the United States Supreme
Court on November 27, 2006. *See Briscoe-Bey v. United States*, 549 U.S. 1070 (2006).

In the meantime, on September 11, 2006, Briscoe-Bey filed a motion for a new trial.
(D.I. 187) On August 7, 2007, Brisco-Bey filed a motion to amend his motion for new trial.
(D.I. 206) Between September 2007 and February 2008, he filed a motion for default, a motion
for stay, and a motion for expungement and sealment of records. (D.I. 207, 208, 209) After the
case was reassigned to the Honorable Joseph J. Farnan, Jr. in October 2008, the Court ruled on
Brisco-Bey's pending motions on April 16, 2009. By memorandum order that date, Judge
Farnan granted the motion to amend motion for new trial, denied the motion for a new trial, and
also denied the motions for default, stay, and expungement and sealment of records. (D.I. 211)

2

On October 27, 2009, Briscoe-Bey filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. (*See* D.I. 212 at 41-48) On November 19, 2009, that Court dismissed his petition "without prejudice to any right Briscoe-Bey may have to file a § 2255 motion in the United States District Court for the District of Delaware." (*Id.* at 47)

Briscoe-Bey filed the pending Section 2255 Motion in this Court on January 6, 2010. (*Id.*) In his Motion, Briscoe-Bey asserts 27 bases for vacating his sentence. Briscoe-Bey's contentions can be organized into three categories: (i) the government failed to prove all essential elements of the count of conviction; (ii) the District Court erred in attributing approximately twelve kilograms of cocaine to him in calculating an appropriate sentencing guideline range; and (iii) he received ineffective assistance of counsel.

On January 27, 2010, the Court provided Briscoe-Bey with an Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") election form, directing him to indicate whether he wanted the Court to rule on his Section 2255 Motion as filed on January 6, 2010, intended alternatively to amend his Motion within thirty days, or instead intended to withdraw his Motion without prejudice to file one all-inclusive Motion in the future. (D.I. 217 & Ex. 1) On March 3, 2010, Briscoe-Bey returned the election form, indicating that he wished for the Court to rule on his Motion as filed and that he also wished to amend his Motion within 30 days. (D.I. 219) Thereafter, on March 19, 2010, Briscoe-Bey filed a notice advising the Court that he did "not wish to add any additional issues to the ones already submitted" in his pending Motion. (D.I. 220)

3

On August 17, 2010, this case was reassigned to the undersigned judge, upon the retirement of Judge Farnan. On September 23, 2010, the government filed its response to Briscoe-Bey's Motion, which included an affidavit from Briscoe-Bey's defense counsel. (D.I. 231)

Between October 18, 2010 and October 17, 2011, Briscoe-Bey filed the following additional motions: (i) motion for leave to file motion for default (D.I. 235); (ii) motion to amend motion for default (D.I. 237); (iii) motion to amend/correct motion to vacate under 28 U.S.C. § 2255 due to typographical error (D.I. 240); (iv) motion to appoint counsel (D.I. 242); and (v) motion for summary judgment (D.I. 243).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a Section 2255 motion by a federal prisoner. *See* 28 U.S.C. § 2255(f); *see also generally Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that one-year limitations period of Section 2255 is not jurisdictional bar and is subject to equitable tolling). The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant case, Section 2255(f)(1) provides the starting date for the one-year limitations period.[1] The Third Circuit's mandate affirming Briscoe-Bey's conviction and sentence was issued on July 26, 2006. (D.I. 184) The United States Supreme Court denied his petition for certiorari on November 27, 2006. *See Briscoe-Bey*, 549 U.S. 1070 (2006). As a result, Briscoe-Bey's conviction became final on November 27, 2006, giving him until November 27, 2007 to file a timely Section 2255 motion. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *United States v. Duffus*, 174 F.3d 333, 335 (3d Cir. 1999); *Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) applies to calculation of AEDPA's one-year limitations period).

Briscoe-Bey filed his original Section 2255 motion on October 26, 2006, prior to the expiration of Section 2255's one-year deadline. (D.I. 192) Then, however, on November 15, 2006, he elected to withdraw his original motion, opting to file an all-inclusive motion "within the one-year period as defined in 28 U.S.C. § 2244(d)." (D.I. 199) The Section 2255 Motion currently before the Court was not filed until January 6, 2010, well after the November 27, 2007 deadline for a timely motion. Briscoe-Bey has not alleged any extraordinary circumstances beyond his control that would toll the running of the limitations period. *See Miller*, 145 F.3d at 616; *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

---

[1] Briscoe-Bey does not allege, nor can the Court discern, any facts that would trigger application of § 2255(f)(2), (3), or (4).

Accordingly, the Court will deny Briscoe-Bey's Section 2255 Motion as time-barred under § 2255(f)(1).

## IV. EVIDENTIARY HEARING

Pursuant to 28 U.S.C. § 2255, the Court must hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. *See also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Fed. R. Civ. P. 8(a), 28 U.S.C. foll. § 2255. Here, the record conclusively demonstrates that Briscoe-Bey is not entitled to relief because his Motion is time barred. Therefore, the Court will deny Briscoe-Bey's Motion without an evidentiary hearing.

## V. ADDITIONAL MOTIONS

Also pending before the Court are Briscoe-Bey's motion for leave to file motion for default (D.I. 235), motion to amend motion for default (D.I. 237), motion to amend/correct motion to vacate under 28 U.S.C. § 2255 due to typographical error (D.I. 240), motion to appoint counsel (D.I. 242), and (v) motion for summary judgment (D.I. 243). All of these motions relate to Briscoe-Bey's Section 2255 Motion. As the Court has determined that the Section 2255 Motion will be denied as time-barred, each of these additional motions will be denied as moot.

## VI. CONCLUSION

For the foregoing reasons, the Court will deny Briscoe-Bey's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. The additional pending motions will be denied as moot.

6

The Court will not issue a certificate of appealability, as Briscoe-Bey's Section 2255 Motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2.

An appropriate order follows.